# In the United States Court of Federal Claims

No. 16-109 C
(Filed January 27, 2016)
Not for Publication

| | | |
|---|---|---|
| PRESCIENT, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Disqualification |
| | ) | |
| THE UNITED STATES, | ) | |
| Defendant, | ) | |

## ORDER

The instant bid protest was filed on January 21, 2016. *See* Doc. 1. On January 27, 2016, Matt Martin Real Estate Management, LLC, filed a motion to intervene. *See* Doc. 5. It has come to the court's attention that the intervenor is represented by attorneys with the firm Venable, LLC. As such, I must disqualify myself as the presiding judge, and the case will be reassigned to another judge on the court.

The statute governing judicial disqualification provides, in relevant part, that a judge "shall" disqualify himself if "[h]e or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person . . . [i]s known by the judge to have an interest that could be substantially affected by the outcome of the proceeding." 28 U.S.C. 455(b)(5)(iii). A "person within the third degree of relationship" to me is a partner at Venable. As a partner with the firm, he has an interest that "could be substantially affected by the outcome of the proceeding." *See, e.g., Potashnick v. Port City Const. Co.*, 609 F.2d 1101, 1113 (5th Cir. 1980).

Because the statute specifies that the parties cannot waive disqualification under these circumstances, I must recuse myself. *See* 28 U.S.C. 455(e). The clerk of court is directed to reassign this case.

**SO ORDERED.**

s/ James F. Merow
James F. Merow,
Senior Judge